FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 26 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ELVIS MEDINA-RIVERA,

       Petitioner,

 - against -

DUKE TERRELL, Warden Metropolitan
Detention Center,

       Respondent.
------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 0734 (BMC)

**COGAN**, District Judge.

  Petitioner Elvis Medina-Rivera, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that his conditions of confinement violate the Eighth Amendment's prohibition against cruel and unusual punishment. For the reasons set forth below, the petition is denied.

## BACKGROUND

  Petitioner pled guilty in the United States District Court for the Eastern District of Pennsylvania to a charge of conspiracy to distribute one kilogram or more of a substance containing heroin and 500 grams or more of a substance containing cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). He was then sentenced to a term of imprisonment of forty-eight months, a term of supervised release of three years, and a $500 fine.

  Petitioner commenced this action on February 9, 2011 to challenge the conditions of his confinement at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. He claims that he "has been incarcerated at MDC Brooklyn for over 21 [months],

and County Prison for 7 weeks, and had no access to sunlight," and that "[l]ack of sunlight created memory loss, in violation of the Eighth Amendment of the United States Constitution." He further requests that his sentence be reduced "[p]ursuant to United States Sentencing Guidelines 5K2.0" as a result of these conditions.

In its response opposing the petition, the Government raises petitioner's failure to exhaust available administrative remedies. Petitioner himself acknowledges this failure, citing the futility exception to the exhaustion requirement.

## **DISCUSSION**

Habeas corpus review is available for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition challenging the execution of a prisoner's sentence, such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions," is properly brought under § 2241. Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). In contrast, a petition challenging the imposition of a prisoner's sentence must be brought under § 2255. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003). Although petitioner here seeks a reduction in his sentence, the basis of his habeas claim concerns the conditions of his confinement. As a result, I regard his petition as properly filed under § 2241 rather than under § 2255.[1]

---

[1] The Court can evaluate the petition under the § 2241 framework because petitioner has clearly asserted a constitutional claim in connection with his alleged conditions of confinement. Cf. Estrella v. Terrell, No. 10-CV-3777 NGG LB, 2011 WL 1837775, at *2 (E.D.N.Y. May 13, 2011) (holding that court could not determine whether habeas motion of prisoner was cognizable under § 2241 or § 2255 because prisoner had "failed to assert a constitutional claim in his Petition"). The prisoner in Estrella also sought a sentence reduction under § 5K2.0 for harsh conditions of confinement, but did not challenge those conditions as a violation of the Eighth Amendment.

2

In the Second Circuit, exhaustion of administrative remedies is a prerequisite to federal habeas relief pursuant to § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Federal prisoners seeking to challenge the conditions of their confinement must first utilize the four-step Administrative Remedy Program developed by the Bureau of Prisons ("BOP"). See Bolling v. Terrell, No. 10-CV-3594 (KAM), 2010 WL 5101074, at *2 (E.D.N.Y. Dec. 8, 2010); 28 C.F.R. §§ 542.10–.19. First, the prisoner must attempt to resolve the issue informally. Second, if discontented with the informal resolution, the prisoner must submit a formal written Administrative Remedy Request to the institution in which he is housed. Third, the prisoner must appeal an unfavorable decision at the institutional level to the BOP's Regional Director. Finally, the prisoner must appeal an unfavorable decision at the regional level to the BOP's General Counsel. Only once the prisoner has completed these four steps can he be considered to have exhausted his administrative remedies.

However, because the exhaustion requirement under § 2241 is judicially created rather than statutorily mandated, courts are afforded discretion "to employ a broad array of exceptions that allow a plaintiff to bring his case in district court despite his abandonment of the administrative review process." Beharry v. Ashcroft, 329 F.3d 51, 58 (2d Cir. 2003) (quoting Bastek v. Fed. Crop Ins. Corp., 145 F.3d 90, 94 (2d Cir. 1998)). Among these is the futility exception, by which the petitioner must persuade the court that "administrative appeal would be futile." Id. at 62.

In this case, petitioner acknowledges that he has not exhausted his administrative remedies, arguing that such exhaustion would be futile since the BOP "does not have authority to amend a prisoner sentence or reduce a prisoner sentence." However, his

3

desired remedy – a sentence reduction – is not of the type that can be granted in response to claims regarding conditions of confinement. The remedy for petitioner's claim, and one that the BOP does have authority to grant, is the improvement of his allegedly harsh conditions of confinement.[2] See Bolling v. Terrell, No. 10-CV-3594 (KAM), 2011 WL 705396, at *2 (E.D.N.Y. Feb. 15, 2011) (finding futility argument of petitioner seeking sentence reduction for harsh conditions of confinement to be unpersuasive because "other available remedies, such as improvement of conditions or transfer, provide a genuine opportunity for relief" and "administrative exhaustion affords the BOP the opportunity to provide the relief"). Since resort to the BOP's Administrative Remedy Program could provide petitioner with a "genuine opportunity for relief," exhaustion of administrative remedies would not be futile. See id. Accordingly, I must deny petitioner's claim. See Owusu-Sakyi v. Terrell, No. 10-CV-507 (KAM), 2010 WL 3154833, at *5 (E.D.N.Y. Aug. 9, 2010) ("[D]ismissal is the proper remedy because petitioner has not exhausted the . . . remedies available to him and the futility exception does not apply."). If petitioner wishes to maintain his challenge to the conditions of his confinement at MDC, he must do so through the process provided by the BOP's Administrative Remedy Program.

Petitioner's arguments in support of his request for a sentence reduction are based on a misunderstanding of Sentencing Guidelines § 5K2.0, which permits downward departures from the Guidelines for harsh pre-trial conditions of confinement but cannot be applied retroactively to reflect post-conviction conditions. See United States v. Carty, 264 F.3d 191, 196 (2d Cir. 2001) ("[P]re-sentence confinement conditions may in

---

[2] Although petitioner has requested a remedy that does not properly correspond to his § 2241 challenge, I am construing his claim liberally, as he is a *pro se* litigant. See Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

4

appropriate cases be a permissible basis for downward departures."); Kornegay v. Fed. Bureau of Prisons, No. 07-CV-3990 (ARR), 2007 WL 2907326, at *2 (E.D.N.Y. Oct. 4, 2007). Additionally, petitioner has not satisfied any of the conditions under which a federal court is authorized to modify a sentence *ex post facto*. See 18 U.S.C. § 3582(c); Jenkins v. United States, 246 F.R.D. 138, 141 (E.D.N.Y. 2007). First, the Director of the BOP has not made any motion requesting a modification of petitioner's sentence. See Jenkins, 246 F.R.D. at 141. Second, neither of the two criteria for allowing post-conviction modification of sentences under Rule 35 of the Federal Rules of Civil Procedure has been met here, as the fourteen-day window for correction of error has long since passed, and the Government has not filed any motion requesting a sentence modification. Finally, the sentencing range that applied to petitioner's crime at the time of his conviction has not been subsequently reduced by the Sentencing Commission. See id.; U.S. SENTENCING GUIDELINES MANUAL ch. 2, pt. D (2010).

## CONCLUSION

For the reasons set forth above, petitioner's application for a writ of habeas corpus is denied, and the petition dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
July 25, 2011

U.S.D.J.